PER CURIAM.
On April 1, 1967, the Board of Governors of The Florida Bar entered its judgment as follows:
“This cause came on for review by the Board of Governors of The Florida Bar upon the report of its duly appointed referee and the record of proceedings before him.
“The respondent was charged with having misappropriated or failed to account for $924.00 of his client’s funds. The funds in question represented the proceeds of a workman’s compensation settlement which the respondent had negotiated on behalf of his client. After hearing, the referee found the allegations of the complaint substantially true. The referee recommended the respondent be suspended from the practice of law for two years and thereafter until he shall accomplish restitution and rehabilitation.
“The Board of Governors, after consideration, approves and adopts the findings and recommendations of the referee. Accordingly, it is
“ORDERED and ADJUDGED that the respondent be suspended from the practice of law for two years and thereafter until he makes restitution and demonstrates to this Board his rehabilitation and fitness to resume the practice of law. It is further ordered that he pay the costs of these proceedings in the amount of $260.92.
“DONE and ORDERED this 1st day of April, 1967.”
More than thirty days have elapsed since the Board of Governors filed its judgment and record in this court and no petition for review has been filed pursuant to Rule 11.11 (3) of the Integration Rule of The Florida Bar, 31 F.S.A.
We have examined the record, the report of the referee, the judgment of the Board and find that the penalty recommended by both the referee and the Board, although severe, is not too harsh in this case. The client, whose funds were misappropriated, was an industrial worker whose earnings were somewhat protected by our Workmen’s Compensation Act so that he and his family would not be deprived at a time, such as this, when he had suffered an injury. We think it unconscionable that respondent should have withheld the funds from the claimant upon their receipt and that his continued withholding of such funds is inexcusable.
*475 Accordingly, it is ordered that the judgment of the Board of Governors dated April 1, 1967, be approved and that respondent be suspended from the practice of law for a period of two years from the date hereof and thereafter until he shall make restitution and shall demonstrate his rehabilitation and fitness to resume the practice of law, and to pay the costs of these proceedings.
ROBERTS, Acting C. J., and DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.